## BROOKS v. STATE.
### No. 14474.

Court of Criminal Appeals of Texas.
June 17, 1931.

Rehearing Denied Oct. 21, 1931.

See, also 115 Tex. Cr. R. 98, 29 S.W.(2d) 373.

Ratliff & Stewart, of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for selling intoxicating liquor; punishment being one year in the penitentiary.

The record is before this court without statement of facts or bills of exception, in which condition nothing is presented for review.

The judgment is affirmed.

## FOWLER v. STATE.
### No. 14072.

Court of Criminal Appeals of Texas.
Oct. 14, 1931.

For original opinion, see 39 S.W.(2d) 621.

McGaugh & Darroch, of Brownwood, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

This case was submitted to the court with a statement of facts which could not be considered, and an affirmance was ordered on March 25, 1931. 39 S.W.(2d) 621. On April 7th, a motion for rehearing was filed, accompanied by an affidavit which justified the consideration of the statement of facts. On June 17th, the opinion on motion for rehearing in which the evidence and the legal questions were discussed was delivered by the court, overruling the motion for rehearing. After adjournment of the court, the appellant presented an additional motion for rehearing, contending that it should be considered because of the absence of the statement of facts at the time the original opinion was rendered. At the time the second motion for rehearing was filed, this court had lost control of the judgment. The judgment had become final due to the adjournment of the term after the motion had been overruled.

There is now before the court a motion to recall the mandate, and consider the second motion for rehearing, which request is denied.